IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| RICHARD SEDGWICK, | § | |
| | § | |
| Plaintiff | § | |
| | § | |
| v. | § | CIVIL ACTION NO. G-13-188 |
| | § | |
| BP PRODUCTS NORTH | § | |
| AMERICA, INC., | § | |
| | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM OPINION**

Pending before the court[1] is Defendant's Motion for Summary Judgment (Doc. 19). The court has considered the motion and the applicable law. For the reasons set forth below, Defendant's motion is **GRANTED**.

**I. Case Background**

Plaintiff Richard Sedgwick ("Plaintiff") filed this action against BP Products North America, Inc. ("Defendant"), for personal injuries sustained due to airborne chemical exposure.

**A. Factual Background**

Plaintiff, a Texas City police officer, was on patrol on the night of April 25, 2011, when a blackout caused several nearby refineries to lose power.[2] During and immediately after his patrol, Plaintiff suffered from headache, nausea, and tightness in

---

[1] The parties consented to proceed before the undersigned magistrate judge pursuant to 28 U.S.C. § 636(c). Docs. 21, 22.

[2] See Doc. 19-4, Ex. C to Def.'s Mot. for Summ. J., Sedgwick Dep. p. 20.

his chest that lasted for several days.[3] Additionally, Plaintiff developed a persistent dry cough that continued indefinitely.[4] In a back-to-work report dated April 28, 2011, Plaintiff claimed that he was exposed to chemicals due to power failures at refineries operated by Defendant, Dow, Marathon, and Valero.[5]

**B.  Procedural Background**

Plaintiff filed a petition in the 212th District Court of Harris County, Texas, on April 23, 2013, alleging negligence, assault and battery, and private nuisance, based on his alleged exposure to airborne benzene and sulfur dioxide from Defendant's plant during the Texas City power outage.[6] On May 23, 2013, the Defendant removed the case to this court based on diversity jurisdiction.[7]

On October 17, 2013, the court issued a docket control order requiring that Plaintiff's expert reports be served by March 1, 2014, that Defendant's expert reports be served by June 15, 2014, and that all discovery be completed by August 1, 2014.[8]

On July 10, 2014, Defendant filed the present motion for

---

[3]   See id. pp. 8-9.

[4]   See id. p. 8.

[5]   See id. p. 14.

[6]   See Doc. 1-1, Ex. A1 to Notice of Removal, Pl.'s Original Pet.

[7]   See Doc. 1, Notice of Removal.

[8]   See Doc. 12, Docket Control Order.

summary judgment on all Plaintiff's claims.

## II. Summary Judgment Standard

Summary judgment is warranted when the evidence reveals that no genuine dispute exists regarding any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); Stauffer v. Gearhart, 741 F.3d 574, 581 (5th Cir. 2014). A material fact is a fact that is identified by applicable substantive law as critical to the outcome of the suit. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); Ameristar Jet Charter, Inc. v. Signal Composites, Inc., 271 F.3d 624, 626 (5th Cir. 2001). To be genuine, the dispute regarding a material fact must be supported by evidence such that a reasonable jury could resolve the issue in favor of either party. Anderson, 477 U.S. at 250; TIG Ins. Co. v. Sedgwick James of Wash., 276 F.3d 754, 759 (5th Cir. 2002).

The movant must inform the court of the basis for the summary judgment motion and must point to relevant excerpts from pleadings, depositions, answers to interrogatories, admissions, or affidavits that demonstrate the absence of genuine factual issues. Celotex Corp., 477 U.S. at 323; Topalian v. Ehrman, 954 F.2d 1125, 1131 (5th Cir. 1992). If the moving party can show an absence of record evidence in support of one or more elements of the case for which the nonmoving party bears the burden, the movant will be entitled to summary judgment. Celotex Corp., 477 U.S. at 322.

When considering the evidence, "[d]oubts are to be resolved in favor of the nonmoving party, and any reasonable inferences are to be drawn in favor of that party." Evans v. City of Houston, 246 F.3d 344, 348 (5th Cir. 2001); see also Boston Old Colony Ins. Co. v. Tiner Assocs. Inc., 288 F.3d 222, 227 (5th Cir. 2002). The court should not "weigh evidence, assess credibility, or determine the most reasonable inference to be drawn from the evidence." Honore v. Douglas, 833 F.2d 565, 567 (5th Cir. 1987).

Rule 7.3 provides that "[o]pposed motions will be submitted to the judge twenty-one days from filing without notice from the clerk and without appearance by counsel. S.D. Tex. R. 7.3 (2000). Local Rule 7.4 provides that "[f]ailure to respond will be taken as a representation of no opposition." S.D. Tex. R. 7.4 (2000).

Although a court may not grant summary judgment simply because there is no opposition to the motion, the court may accept the movant's version of the facts as undisputed and grant a motion for summary judgment if the movant makes a prima facie showing of entitlement to summary judgment. See John v. State of Louisiana (Board of Trs. for State Colls. and Univs.), 757 F.2d 698, 708 (5th Cir. 1985) (when the movant's evidence establishes its right to judgment as a matter of law, the district court is entitled to grant summary judgment). Therefore, the court will consider Plaintiff's failure to respond to the pending motion as a representation of no opposition to the legal and factual assertions

made in this motion. See id.

### III. Analysis

Defendant moves for summary judgment on all Plaintiff's claims. Defendant argues that Plaintiff's claim for nuisance has been abandoned based on Plaintiff's deposition testimony, that Plaintiff's claim for negligence fails because Plaintiff cannot not establish causation without expert testimony, and Plaintiff's assault and battery claim fails because Plaintiff has no evidence that Defendant acted intentionally, knowingly, or recklessly.[9] Plaintiff failed to respond to Defendant's motion.[10] The court considers Defendant's arguments.

**A. Nuisance**

A private nuisance is a nontrespassory invasion of another's property interest that substantially interferes with the use and enjoyment of land by causing unreasonable discomfort or annoyance to persons of ordinary sensibilities attempting to use and enjoy it. Schneider Nat'l Carriers, Inc. v. Bates, 147 S.W.3d 264, 269 (Tex. 2004). "A nuisance may arise by causing (1) physical harm to property, such as by the encroachment of a damaging substance or by the property's destruction, (2) physical harm to a person on his property from an assault on his senses or

---

[9] See Doc. 19, Def.'s Mot. for Summ. J.

[10] See Doc. 19-4, Ex. C to Def.'s Mot. for Summ. J., Sedgwick Dep. p. 23.

5

by other personal injury, and (3) emotional harm to a person from the deprivation of the enjoyment of his property through fear, apprehension, or loss of peace of mind. Aquilar v. Trujillo, 162 S.W.3d 839, 850 (Tex. App.—El Paso 2005, pet. denied).

At his deposition, Plaintiff stated that his property was not damaged in any way during the incident.[11] Defendant argues that summary judgment is proper because Plaintiff has produced no evidence that emissions from Defendant's plant reached his property, or did, in fact, cause a nuisance.[12] Because Plaintiff does not attempt to rebut Defendant's arguments with facts supporting his nuisance claim, summary judgment is proper.

**B. Negligence**

Plaintiff claims that exposure to airborne chemicals from Defendant's plant caused him to suffer from headaches, nausea, a chronic cough, and acid reflux.[13] In order to establish causation in a toxic tort case, a plaintiff must show both general causation: that a substance is capable of causing the injury in question; and specific causation: that the substance caused plaintiff's injuries. Knight v. Kirby Inland Marine Inc., 482 F.3d 347, 351 (5th Cir. 2007). In many toxic tort cases, "direct experimentation cannot be done, and there will be no reliable evidence of specific

---

[11] Id.

[12] See Doc. 19, Def.'s Mot. for Summ. J. p. 3.

[13] See Doc. 19-4, Ex. C to Def.'s Mot. for Summ. J., Sedgwick Dep. pp. 3-13.

causation." Merrell Dow Pharm., Inc. v. Havner, 953 S.W.2d 706, 715 (Tex. 1997). In these cases, the most useful type of causation evidence is epidemiological studies. Brock v. Merrell Dow Pharms., Inc., 874 F.2d 307, 311 (5th Cir. 1989). For an epidemiological study to be used to properly prove specific causation, it must show that the exposure at issue did not slightly raise the hypothetical risk of injury, but at least doubled the risk of harm. See Havner, 953 S.W.2d at 716. Scientific knowledge of the harmful level of exposure, plus knowledge that a plaintiff was exposed to such quantities, are the minimal facts necessary for a plaintiff to establish causation. Allen v. Pennsylvania Eng'g Corp., 102 F.3d 194, 199 (5th Cir. 1996).

The general rule is that expert testimony is necessary to establish causation as to medical conditions beyond the experience of laypersons. See Johnson v. Arkema, Inc., 685 F.3d 452, 470 (5th Cir. 2012); Mack Trucks, Inc. v. Tamez, 206 S.W.3d 572, 583 (Tex. 2006). The Fifth Circuit has found limited circumstances where a plaintiff does not require expert testimony to establish causation, "where both the occurrence and conditions complained of are such that the general experience and common sense of laypersons are sufficient to evaluate the conditions and whether they were probably caused by the occurrence." Johnson, 685 F.3d at 470 (quoting Guevara v. Ferrer, 247 S.W.3d 662, 668-69 (Tex. 2007)).

In this case, Plaintiff has not produced any expert evidence

7

in support of either general or specific causation. He has not established to what chemicals he was exposed, that those chemicals could have produced the symptoms he experienced, that his injuries were actually caused by such exposure or that Defendant in fact was responsible for the release of those chemicals. Plaintiff's claim is beyond the general experience of laypersons, and therefore requires expert testimony to establish both general and specific causation. Johnson, 685 F.3d at 470. Because Plaintiff has no evidence of causation, his negligence claim fails as a matter of law.

**C.  Assault and Battery**

To prove battery, a plaintiff must show a defendant intentionally or knowingly caused physical contact when they knew or should reasonably have believed the plaintiff would regard the contact as offensive. See Cotroneo v. Shaw Env't & Infastructure, Inc., 639 F.3d 186, 195 (5th Cir. 2011); Tex. Dep't. of Public Safety v. Cox Tex. Newspaper, L.P., 343 S.W.3d 112, 126-27 (Tex. 2011). Similarly, to prove assault, a plaintiff must show either that a defendant: (1) intentionally, knowingly, or recklessly caused his bodily injury; (2) that defendant intentionally or knowingly threatened plaintiff with imminent bodily injury; or (3) that defendant intentionally or knowingly caused physical contact with plaintiff when it knew or should reasonably have believed that plaintiff would regard the contact as provocative. Hall v. Sonic

8

Drive-In of Angleton, Inc., 177 S.W.3d 636, 649-50 (Tex.App. 2005).

Plaintiff has no competent summary judgment evidence that Defendant acted intentionally or knowingly or that Defendant threatened Plaintiff with imminent injury. Because Plaintiff has offered no evidence to support his claim of assault and battery, Defendant is entitled to summary judgment as a matter of law on that claim.

### IV. Conclusion

Based on the foregoing, Defendant's Motion for Summary Judgment is **GRANTED**.

**SIGNED** in Houston, Texas, this __4th__ day of November, 2014.

_____
U.S. MAGISTRATE JUDGE